IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02539-BNB

MARSHAUN STEWART,

    Applicant,

v.

CHRISTOPHER PEREZ, Supervisior [sic], Probation Service, and
GARRET, Probation Officer,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Marshaun Stewart, is in the custody of the federal Bureau of Prisons and is incarcerated currently at USP-Atwater, California. Mr. Stewart has filed *pro se* a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1). The Court must construe Mr. Stewart's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **Hall**, 935 F.2d at 1110. The Court has construed the Motion liberally as an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the

sentence." *Id*. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir.1965) (per curiam).

Mr. Stewart alleges in the application that in August 2010 he was convicted in the United States District Court for the Northern District of Mississippi for knowingly failing to register as a sex offender in violation of 18 U.S.C. § 2250. He asserts that probation officers in Colorado have denied him the opportunity to participate in a release program pursuant to which he would be relocated to Denver, Colorado, to live with his fiancé.

To the extent that Mr. Stewart is attacking the execution of his sentence pursuant to 28 U.S.C. § 2241, this Court lacks jurisdiction over his claims because a § 2241 application "must be filed in the district where the prisoner is confined." ***Bradshaw***, 86 F.3d at 166. Mr. Stewart currently is confined in California.

To the extent Mr. Stewart is challenging the validity of his conviction or sentence, he must file a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the sentencing court–the United States District Court for the Northern District of Mississippi. *Id*.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. ***See Coppedge v. United States***, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1), which the Court has construed liberally as an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, is denied and this action is dismissed without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Stewart may file a motion in the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this  28th  day of  September , 2012.

BY THE COURT:

  s/ Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court