IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02539-LTB

MARSHAUN STEWART,

    Applicant,

v.

CHRISTOPHER PEREZ, Supervisor [sic], Probation Service, and
GARRETT, Probation Officer,

    Respondents.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Applicant, Marshaun Stewart, filed *pro se* a "Motion to Reconsider the Court Motion 9-28-12 as a 2241 - 1997(e)" (Doc. # 5), on April 8, 2013.  Mr. Stewart asks the Court to reconsider the September 28, 2012 Order of Dismissal.  The Court must construe Mr. Stewart's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court thus will construe Mr. Stewart's motion liberally as a motion for reconsideration.  The motion will be denied for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Stewart filed the motion for reconsideration more than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action.

The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 60(b). *Id.*; *see also* Fed. R. Civ. P. 59(e).

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations and citations omitted). The grounds justifying relief from a final judgment are set forth in Fed. R. Civ. P. 60(b). After review of the motion for reconsideration and the entire file, the Court concludes that Mr. Stewart fails to demonstrate that any ground justifying relief from the judgment exists in his case.

Mr. Stewart filed an Application for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241. He alleged in the application that in August 2010 he was convicted in the United States District Court for the Northern District of Mississippi for knowingly failing to register as a sex offender in violation of 18 U.S.C. § 2250. Applicant further asserted that probation officers in Colorado have denied him the opportunity to participate in a release program pursuant to which he would be relocated to Denver, Colorado, to live with his fiancé. Mr. Stewart has been confined at USP-Atwater, California, during all times relevant.

In the dismissal order, the Court determined that to the extent that Mr. Stewart was attacking the execution of his sentence pursuant to 28 U.S.C. § 2241, the Court lacked jurisdiction over his claims because a § 2241 application "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The Court further found that to the extent Mr. Stewart challenged the validity of his conviction or sentence, he must file a Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 in the sentencing court–the United States District Court for the Northern District of Mississippi.  *Id.*

In his motion for reconsideration, Mr. Stewart simply repeats his request that he be relocated to Denver, Colorado, and sets forth the steps that he has taken to comply with statutory requirements and to exhaust his administrative remedies.  Mr. Stewart has not provided the Court with any factual information to indicate that a § 2241 Application is properly filed in the District of Colorado when he remains incarcerated in California.  Mr. Stewart has therefore failed to demonstrate exceptional circumstances that would warrant relief from the September 28, 2012 dismissal order.  *See Servants of the Paraclete*, 204 F.3d at 1009.   Accordingly, it is

ORDERED that the "Motion to Reconsider the Court Motion 9-28-12 as a 2241 - 1997(e)" (Doc. # 5), filed on April 8, 2013, which the Court construes liberally as a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

Dated at Denver, Colorado this   22nd   day of    April          , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court